IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DONALD MCCRAY, | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 23-CV-3441-KSM |
| | : | |
| SOCIAL SECURITY ADMINISTRATION, | : | |
| Defendant. | : | |

## MEMORANDUM

**MARSTON, J.**                                                                          **January 4, 2024**

Plaintiff Donald McCray, a convicted prisoner in custody in Texas, filed this *pro se* civil action against the Social Security Administration. (Doc. No. 1 (initial Complaint); Doc. No. 17 (Amended Complaint).) In a prior Order filed on October 2, 2023, McCray was directed to pay the filing fee for this case or submit an application to proceed *in forma pauperis*. (Doc. No. 7.) McCray filed an application on November 8, 2023.[1] (Doc. No. 11.) He filed a second application on December 19, 2023. (Doc. No. 14.) Because McCray has obtained three prior "strikes" and has not alleged an imminent danger of serious physical injury pursuant to 28 U.S.C. § 1915(g), the Court will deny McCray leave to proceed *in forma pauperis* and require that he pay the full filing fee if he wishes to continue with his case.

### I.     FACTUAL ALLEGATIONS

Although not entirely clear, McCray's allegations appear to concern his denial of Social Security retirement benefits due to his conviction on criminal charges. (Doc. No. 1 at 1 ("The

---

[1] The application is currently noted on the docket as a "Petition Notice." It contains McCray's *in forma pauperis* Motion and numerous other pages described later in this Memorandum. In the accompanying Order, the Clerk of Court will be directed to designate Doc. No. 11 as a Motion for Leave to Proceed *In Forma Pauperis* and docket the other pages as exhibits to the Motion.

following documents is [sic] undisputed proof crime in violation of federal law have been used to denied [sic] Mr. Donald McCray social security retirement benefits.") (superfluous parentheses and punctuation omitted); *see also* Doc. No. 17 at 5 ("Plaintiff Donald Mccray is entitle[d] to his social security payments starting May 23, 2022 from 1 to 100,000 dollars[,] but he demands $1.2 million, as the U.S government ha[s] denied him . . . .") (superfluous parentheses and punctuation omitted).)[2]  He also appears to contest the denial of Medicare benefits.  (Doc. No. 1 at 5 (stating McCray sought coverage in July 2023 for prescription drug coverage); Doc. No. 17 at 4–5 (referencing the denial of "medicare entitle: benefits" and the denial of "medical/doctor treatment").)

In addition to these allegations, McCray's initial Complaint[3] also makes vague references to a trial to be conducted in Texas, which he claims is presided over by someone who is impersonating a judge and involves the improper prosecution of a nonparty because he is African American.  (Doc. No. 1 at 7–11.)  McCray's Amended Complaint also references his own arrest for unknown charges and argues that it amounts to "kidnapping/slavery" by the U.S. Marshals Service and is a violation of the Federal Racketeer Influenced and Corrupt Organizations Act ("RICO").  (*Id.* at 4–5.)[4]

---

[2] The Court adopts the pagination assigned to the Complaint by the CM/ECF system.

[3] Although McCray's Amended Complaint replaces the initial Complaint as the operative pleading, the Court, in an abundance of caution, considers the allegations in both pleadings in deciding this Motion.

[4] McCrary also adds allegations about this Court's initial assignment of this case to a magistrate judge.  (*See* Doc. No. 17 at 3 (claiming that failure to assign the case to a United States District Judge amounts to the "crime of treason").)  However, as the Court previously explained, the case was initially "incorrectly deemed by the Clerk of Court to be an appeal of a denial of Social Security disability benefits." (Doc. No. 10 at 1.)  Once the Court discovered the error, the case was reassigned to the Honorable Karen Spencer Marston, United State District Judge.  (Doc. No. 9.)

## II.     STANDARD OF REVIEW

The *in forma pauperis* statute, 28 U.S.C. § 1915, allows indigent litigants to bring an action in federal court without prepayment of filing fees, ensuring that such persons are not prevented "from pursuing meaningful litigation" because of their indigence.  *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312 (3d Cir. 2001) (*en banc*) (internal quotation marks omitted).  But, as Congress has recognized, people who obtain *in forma pauperis* status are "not subject to the same economic disincentives to filing meritless cases that face other civil litigants," and thus, the provision is susceptible to abuse.  *Id.* (citing 141 Cong. Rec. S7498-01, S7526 (daily ed. May 25, 1995) (statement of Sen. Kyl)).

"[I]n response to the tide of substantively meritless prisoner claims that have swamped the federal courts," Congress enacted the Prison Litigation Reform Act ("PLRA") in 1996.  *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013) (quoting *Shane v. Fauver*, 213 F.3d 113, 117 (3d Cir. 2000)) (internal quotation marks omitted), *abrogated in part on other grounds by Coleman v. Tollefson*, 135 S. Ct. 1759, 1763 (2015).  Among other things, the PLRA implemented the so-called "three strikes rule," which provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g); *accord Abdul-Akbar*, 239 F.3d at 310–11.  Put simply, under the PLRA, a prisoner with three prior "strikes" can obtain *in forma pauperis* status only if he is in imminent danger of serious physical injury.

3

A strike under § 1915(g) "will accrue only if the entire action or appeal is (1) dismissed explicitly because it is 'frivolous,' 'malicious,' or 'fails to state a claim' or (2) dismissed pursuant to a statutory provision or rule that is limited solely to dismissals for such reasons, including (but not necessarily limited to) 28 U.S.C. §§ 1915A(b)(1), 1915(e)(2)(B)(i), 1915(e)(2)(B)(ii), or Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Byrd v. Shannon*, 715 F.3d 117, 126 (3d Cir. 2013). "A strike-call under Section 1915(g) . . . hinges exclusively on the basis for the dismissal, regardless of the decision's prejudicial effect." *Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1724–25 (2020), *abrogating Millhouse v. Heath*, 866 F.3d 152, 161 (3d Cir. 2017).

### III.   DISCUSSION

#### A.   McCray Has Accumulated Three Strikes.

The Court concludes that McCray, who has a long history of filing frivolous cases in the federal courts in Texas, has accumulated at least three strikes for purposes of § 1915(g). *See, e.g., McCray v. Harris County*, No. 11-1469 (S.D. Tex.) (Doc. No. 6 (finding that at least nine prior cases filed by McCray as a prisoner had been dismissed as frivolous)). McCray is also subject to a prefiling injunction in the courts within the jurisdiction of the United States Court of Appeal for the Fifth Circuit barring him from filing any *pro se* cases *in forma pauperis* without first obtaining permission of a judge of the forum court. *McCray v. Lower*, 96 F.3d 1443 (5th Cir. 1996). That injunction was reiterated in a more recent case when McCray attempted to bring an original proceeding before the Fifth Circuit. *In re: Donald Ray McCray*, No. 21-90033 (5th Cir. Oct. 14, 2021) ("We imposed sanctions against McCray in *McCray v. Lower*. . . . This sanction is still in force."). The order has been applied in numerous cases McCray attempted to

file in Texas federal courts. *See, e.g.*, *McCray v. Timmons*, No. 22-73 (N.D. Tex. Aug. 11, 2022) (Doc. No. 4); *McCray v. TDCJ*, No. 21-111 (N.D. Tex. Aug. 11, 2022) (Doc. No. 14).

An independent review of the cases filed by McCray confirms that he has accumulated at least three strikes for purposes of § 1915(g).[5] *See McCray v. Lower*, No. 96-20516 (5th Cir. Oct. 15, 1996) (appeal dismissed as frivolous); *McCray v. Tolle*, No. 96-10491 (5th Cir. Oct. 29, 1996) (appeal dismissed as frivolous); *McCray v. Barber*, No. 96-1509 (N.D. Tex. Sept. 9, 1996) (case dismissed as frivolous); *McCray v. Harris County*, No 96-2262 (S.D. Tex. Oct. 25, 1996) (case dismissed for failure to state a claim); *McCray v. Tippetts*, No. 01-501 (E.D. Tex. Aug. 8, 2001) (case dismissed as frivolous).

### B.     McCray's Complaint Does Not Allege Imminent Danger.

Because McCray has accumulated three strikes, he can no longer proceed *in forma pauperis* in any federal court unless he can show that he is in imminent danger of serious physical injury at the time he brought his Complaint. The "imminent danger" exception to the three-strikes rule serves as a "safety valve" to ensure that a prisoner is not subject to serious injury due to his inability to pay a filing fee. *Ball*, 726 F.3d at 467. It "creates a narrow opening for a particular type of claim; it does not give prisoners . . . a license to swamp the court with claims whenever they successfully state a claim of imminent danger." *Brown v. Lyons*, 977 F. Supp. 2d 475, 481–82 (E.D. Pa. 2013) (citing *Pettus v. Morgenthau*, 554 F.3d 293, 297 (2d Cir. 2009)). "Imminent dangers are those dangers which are about to occur at any moment or are impending." *Abdul-Akbar*, 239 F.3d at 315 (internal quotation marks omitted). Past dangers are

---

[5] The PLRA became effective on April 26, 1996. *See Deutsch v. United States*, No. 95-5222, 1996 WL 466921 (E.D. Pa. July 8, 1996) (noting effective date). "[D]ismissals for frivolousness prior to the passage of the [Prison Litigation Reform Act] are included among [a plaintiff's] three [strikes]." *Keener v. Pa. Bd. of Prob. & Parole*, 128 F.3d 143, 144–45 (3d Cir. 1997).

not imminent dangers. *See Ball*, 726 F.3d at 467. Vague, general, or conclusory allegations are likewise insufficient to establish that a plaintiff is in imminent danger. *Id.* Finally, "there must be a nexus between the imminent danger a three-strikes prisoner alleges to obtain IFP status and the legal claims asserted in his complaint." *Pettus*, 554 F.3d at 297; *see also Ball v. Hummel*, 577 F. App'x 96, 98 n.1 (3d Cir. 2014) (*per curiam*). In other words, the claimed imminent danger must relate to the legal claims the prisoner pursues. *Id.*; *see also Brown v. U.S. Dist. Ct.*, No. 13-7229, 2014 WL 1225878, at *1 (E.D. Pa. Mar. 25, 2014) ("In short, § 1915(g) requires two things: the allegation of imminent danger and a claim for relief that if granted will preclude the danger from becoming a reality.").

The Court finds that the allegations in McCray's Complaint and Amended Complaint do not meet the imminent danger standard of Section 1915(g). McCray asserts that he has been denied Medicare and Social Security retirement benefits. There are no allegations of imminent danger in these claims. Neither do his vague allegations concerning the trial of another individual or McCray's own arrest suggest imminent danger to McCray.[6] Accordingly, the Court finds that the imminent danger exception does not apply.

---

[6] As noted, McCray's first Motion to Proceed *In Forma Pauperis* was entered on the docket as a "Petition Notice" because that is the title McCray put on the first page of the submission. (Doc. No. 11 at 1.) The submission contains nonsensical assertions about a "mandatory judgment" (*id*. at 1–2), references to a case he appears to have filed in the United States Court of Appeals for the Eighth Circuit (*id*. at 2), and states that a "dead U.S. president is a good U.S. president under the Texas Confederate law. . . . F*** with me and see – I live in Texas." (*Id*. at 3 (superfluous parenthetical and punctuation marks deleted)). He also makes threats to kill President Biden and former House Speaker Kevin McCarthy (*id*. at 7), and attached copies of grievance forms he submitted to prison officials about the law librarian, lack of stationery, lack of computers, and mail procedures (*id*. at 14–19), a statement that he will attempt to kill a Texas judge (*id*. at 20–21), a reference to a case he filed in Brooklyn, New York (*id*. at 22), a claim that the Texas governor has kidnapped him and fifty others—presumably because he is incarcerated (*id*. at 22–24), and a complaint that prison food has caused him stomach distress (*id* at 26–29). None of the assertions in the submission accompanying McCray's Motion, which are not part of his claims in his Complaint, including the claim of stomach distress, plausibly indicates that he is in imminent danger of serious physical injury.

## IV. CONCLUSION

Because McCray is a "three-striker" who is prohibited from proceeding *in forma pauperis* unless he is in imminent danger of serious physical injury at the time of filing, and since he was not in imminent danger when he submitted his Complaint, the Court will deny McCray's Motion to Proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(g).  Should McCray desire to litigate his claims, he must pay the full filing fee in advance.  An appropriate Order follows, which gives McCray an opportunity to pay the fees in the event he seeks to proceed with this case.